UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| New Hope Wesleyan Church, | ) | |
| | ) | Civil No.: 1:23-cv-105 |
| Plaintiff, | ) | |
| | ) | **DEFENDANT AND THIRD-PARTY** |
| vs | ) | **PLAINTIFF'S ANSWER, THIRD-PARTY** |
| | ) | **COMPLAINT, AND DEMAND FOR JURY** |
| Ecclesia Construction Company, LLC d/b/a | ) | |
| Ecclesia Building Strategies, | ) | |
| | ) | |
| Defendant and Third-Party Plaintiff, | ) | |
| | ) | |
| vs | ) | |
| | ) | |
| Chief Industries, Inc., d/b/a Chief | ) | |
| Buildings; Hite Architecture, P.A.; | ) | |
| Shultz Engineering Group, P.C.; | ) | |
| Ironhidez Construction, LLC f/k/a | ) | |
| Froemming Construction; and | ) | |
| Commercial Exterior Specialties, LLC, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

TO:   THE ABOVE NAMED PARTIES AND THEIR ATTORNEYS OF RECORD:

DEFENDANT AND THIRD-PARTY PLAINTIFF ECCLESIA CONSTRUCTION COMPANY, LLC D/B/A ECCLESIA BUILDING STRATEGIES (hereinafter referred to as "Ecclesia Construction"), for its answer to the COMPLAINT, alleges and states:

1.   Ecclesia Construction denies each and every allegation and claim in the COMPLAINT unless herein admitted, qualified or otherwise answered.

2.   Ecclesia Construction specifically denies the allegations in paragraphs 7, 8, 9, 10, 11, and 12 of the COMPLAINT.

3. Ecclesia Construction lacks sufficient information to admit or deny the allegations in paragraphs 13, 14, and 15 of the COMPLAINT and as such, denies the same and places Plaintiff on its proof.

4. Ecclesia Construction admits the allegations contained in paragraphs 2, 3, and 6 of the COMPLAINT.

5. Ecclesia Construction asserts the allegations contained in paragraph 1 of the COMPLAINT constitute a mere recital and thus no response is required. To the extent a response is required, the allegations are denied.

6. Ecclesia Construction alleges the documents referenced in paragraph 5 of the COMPLAINT speak for themselves and as such no response is required. To the extent a response is required, the allegations are denied.

7. With respect to the allegations in paragraph 4 of the COMPLAINT, Ecclesia Construction admits the allegations contained in paragraph 4 but denies the Court has jurisdiction pursuant to N.D.C.C. § 28-04-05 as Ecclesia Construction is a South Carolina limited liability company.

8. Pending completion of discovery, Ecclesia Construction specifically preserves and alleges all applicable defenses available under Rule 12 of the Rules of Civil Procedure and further specifically preserves and alleges all applicable defenses available under Rule 19 of the Rules of Civil Procedure.

9. Pending completion of discovery, Ecclesia Construction alleges Plaintiff has failed to include necessary and/or indispensable parties without whom complete relief cannot be given, including but not limited to the Third-Party Defendants identified in the case caption as well as in Ecclesia Construction's THIRD-PARTY COMPLAINT contained herein.

10. Pending completion of discovery, Ecclesia Construction specifically alleges and preserves all applicable defenses or any other matter constituting an avoidance or defense available under Rule 8 of the Rules of Civil Procedure.

11. Pending completion of discovery, Ecclesia Construction alleges the Plaintiff has failed to specifically aver with particularity material matters as required by law including, but not limited to, Rule 9 of the Rules of Civil Procedure, and this party cannot frame a meaningful reply to the COMPLAINT.

12. Pending completion of discovery, Ecclesia Construction alleges the claimed damages, if any, are a direct result of plaintiff's own reckless, careless, negligent, willful, or intentional acts, Plaintiff has failed to mitigate its damages, if any, and any claimed damages, if any, were directly and proximately caused by Plaintiff's own fault as defined in N.D.C.C. § 32-03.2-01.

13. While maintaining freedom from fault herein, pending completion of discovery, Ecclesia Construction alleges if it was at fault, which fault is denied, the fault of the Plaintiff exceeded that of Ecclesia Construction, and therefore, Plaintiff is barred from recovery under the comparative fault laws of this State.

14. Pending completion of discovery, Ecclesia Construction alleges any claimed damages, if any, are a direct result of the reckless, careless, negligent, willful, or intentional acts of third persons over whom Ecclesia Construction had no control and any claimed damages, if any, were directly and proximately caused by the third person's own fault as defined in N.D.C.C. § 32-03.2-01.

15. Pending completion of discovery, Ecclesia Construction alleges Plaintiff's damages, if any, were the result of an efficient, intervening, or superseding cause, and therefore, Ecclesia Construction is not liable.

16. Ecclesia Construction alleges at all times it acted with reasonable and prudent care and was not negligent, and its conduct did not fall below the appropriate standard of care.

17. Ecclesia Construction specifically denies it failed to exercise reasonable care in the provision of labor, goods, and services, denies any of the services it provided were supplied or performed in a negligent manner, denies it breached any contractual obligation in connection with the work and services performed, denies its work was not performed in a good and workmanlike manner or was in any manner defective, denies its work deviated from any applicable codes, ordinances, regulations or governmental and/or industry standards or its work was not suitable and/or applicable at the time.

18. Pending completion of discovery, Ecclesia Construction alleges Plaintiff allowed relevant evidence to be destroyed knowing the existence of a potential civil action against Ecclesia Construction even though Plaintiff had a legal duty to preserve such evidence which is relevant to this case and destruction of such evidence creates a significant impairment for Ecclesia Construction to appropriately, sufficiently, and effectively defend itself in this case which should bar Plaintiff from recovery.

19. Ecclesia Construction affirmatively alleges that the COMPLAINT fails to state a claim upon which relief can be granted.

20. Ecclesia Construction affirmatively alleges the COMPLAINT may be barred, in whole or in part, by the contractual agreement to the subrogation waiver.

21. Ecclesia Construction affirmatively alleges the COMPLAINT is, or may be, barred by the provisions set forth in the terms of Ecclesia Construction's warranty for its work and/or the terms of contracts entered into by the parties or non-parties.

22. Ecclesia Construction affirmatively alleges the COMPLAINT is, or may be, barred by the applicable statute of limitations and/or contractual limitations or notice, or by contract.

23. Ecclesia Construction affirmatively alleges the COMPLAINT is, or may be, barred by laches.

24. Ecclesia Construction affirmatively alleges the COMPLAINT is, or may be, barred, in whole or in part, by the doctrines of waiver, unclean hands, and estoppel.

25. Ecclesia Construction alleges it has insufficient knowledge and information upon which to form an answer or belief as to the damage claims as stated in the COMPLAINT and as such denies them and places Plaintiff on its proof. Pending completion of discovery, Ecclesia Construction alleges if the Plaintiff has failed to mitigate damages, if any, any alleged damages should be reduced proportionately, and it is not liable to the extent Plaintiff's damages, if any, are the result of pre-existing and/or subsequent accidents, damages. Ecclesia Construction alleges Plaintiff was not damaged as alleged and/or was not damaged to the extent being claimed.

26. Ecclesia Construction reserves the right to assert additional affirmative defenses or any other defenses to the extent warranted by further discovery or otherwise.

**THIRD-PARTY COMPLAINT**

DEFENDANT AND THIRD-PARTY PLAINTIFF ECCLESIA CONSTRUCTION COMPANY, LLC D/B/A ECCLESIA BUILDING STRATEGIES (hereinafter referred to as "Ecclesia Construction"), by and through its counsel of record, and for its THIRD-PARTY COMPLAINT against the Third-Party Defendants, alleges and states:

27. At all times relevant to this action, Ecclesia Construction was hired by Plaintiff as a contractor for services in connection with the following Project: worship, Office, Gathering Facility, including sitework, shell and interior construction, and renovation to existing facility (hereinafter "the Project").

28. At all times relevant to this action and based upon information and belief, Chief Industries, Inc., d/b/a Chief Buildings (hereinafter "Chief Buildings") is a foreign corporation registered to conduct business in the State of North Dakota with its principal place of business located at 3942 Old West Highway 30, Grand Island, NE 68803. Chief Buildings is a subsidiary of Chief Industries, Inc.

29. Ecclesia Construction and Chief Buildings entered into an agreement to purchase in relation to the Project. A copy of the agreement to purchase is attached here as Exhibit A.

30. Under the agreement to purchase (Exhibit A), Chief Buildings was to manufacture and design pre-engineered aspects of the Project and to supply certain materials for the Project.

31. At all times relevant to this action and based upon information and belief, Hite Architecture, P.A. (hereinafter "Hite Architecture") was a foreign corporation registered to conduct business in the State of North Dakota and is a registered professional corporation with the North Carolina Secretary of State with a principal place of business located at 624 214 Matthews Mint Hill Road, Matthews, NC 28105.

32. Ecclesia Construction and Hite Architecture entered into a contract in relation to the Project. A copy of the contract is attached hereto as Exhibit B.

33. Under the contract (Exhibit B), Hite Architecture was to provide architectural services for the Project.

34.     At all times relevant to this action and based upon information and belief, Shultz Engineering Group, P.C. (hereinafter "Shultz Engineering") was not registered to conduct business in the State of North Dakota but is a registered professional corporation with the North Carolina Secretary of State with a principal place of business located at 212 N. McDonald Street, Suite 204, Charlotte, NC 28204.

35.     Ecclesia Construction and Shultz Engineering entered into agreements in relation to the Project. A copy of the agreement is attached hereto as Exhibit C.

36.     Under the agreement (Exhibit C), Shultz Engineering was to provide mechanical, electrical, plumbing, and fire protection engineering services for the Project. Shultz Engineering also agreed to provide certain associated consulting services.

37.     At all times relevant to this action and based upon information and belief, Ironhidez Construction, LLC f/k/a Froemming Construction (hereinafter "Ironhidez Construction") was not registered to conduct business in the State of North Dakota but is a registered limited liability company with the South Carolina Secretary of State with a principal place of business located at 105 Stoney Circle, Union, SC 29379.

38.     On or about July 11, 2013, Ecclesia Construction and Ironhidez Construction entered into a subcontract agreement in relation to the Project. A true and accurate copy of the subcontract agreement is attached hereto as Exhibit D.

39.     Under the subcontract agreement (Exhibit D), Ironhidez Construction's scope of work for the Project included providing all material, equipment, and labor for the erection of a pre-engineered metal building package.

40.     At all times relevant to this action and based upon information and belief, Commercial Exterior Specialties, LLC (hereinafter "Commercial Exterior") was registered to

conduct business in the State of North Dakota with a principal place of business located at 1190 Partee Drive, China Grove, NC 28023-7518.

41. On or about April 24, 2013, Ecclesia Construction and Commercial Exterior entered into a subcontract agreement in relation to the Project. A true and accurate copy of the subcontract agreement is attached hereto as Exhibit E.

42. Under the subcontract agreement (Exhibit E), Commercial Exterior's scope of work for the Project included providing all material, equipment, and labor for the installation of the Exterior Insulation Finish System (EIFS) and Coronado cultured stone veneer.

## COUNT I – NEGLIGENCE

43. Ecclesia Construction realleges and incorporates by reference herein all allegations contained in the proceeding paragraphs as if fully set forth herein.

44. Third-Party Defendants owed a duty to use reasonable care in the provision of labor, goods, and services in the performance of their work in accordance with any applicable codes, ordinances, regulations, law, or governmental and/or industry standards in such a way as to not allow property at issue in this litigation to be damaged.

45. Ecclesia Construction is a party that would be harmed if Third-Party Defendants failed to meet the applicable codes, ordinances, regulations, law, or governmental and/or industry standards for the services performed by the Third-Party Defendants, and Ecclesia Construction relied on the Third-Party Defendants' expertise in connection with the services the Third-Party Defendants were to perform on the Project.

46. Plaintiff has alleged claims against Ecclesia Construction in connection with the Project that is the subject matter of this litigation in its COMPLAINT. Ecclesia Construction expressly denies liability for the damages alleged by Plaintiff.

47. In the alternative, if Plaintiff has suffered any damages as alleged in its COMPLAINT, or otherwise, to the extent such damages were not caused by Plaintiff, such damages were caused by the negligence of the Third-Party Defendants.

48. If Plaintiff proves it was damaged as alleged for which Ecclesia Construction becomes liable to pay Plaintiff, such damages, if any were caused by the negligence of the Third-Party Defendants in the provision of labor, goods, and/or services.

## COUNT II – BREACH OF CONTRACT

49. Ecclesia Construction re-alleges and incorporates herein by reference all allegations contained in the proceeding paragraphs as if fully set forth herein.

50. Ecclesia Construction entered into contracts and/or agreements with the Third-Party Defendants to provide labor, goods, and services with respect to the Project which is the subject matter of this litigation, and Third-Party Defendants were paid by Ecclesia Construction for the work Third-Party Defendants performed.

51. Plaintiff alleges it was damaged.

52. If Plaintiff's allegations regarding Ecclesia Construction as claimed in the COMPLAINT are true, such damages, if any will only have occurred as a result of the Third-Party Defendants' failure to complete and otherwise fulfill their contractual obligations to Ecclesia Construction.

## COUNT III – BREACH OF WARRANTIES

53. Ecclesia Construction re-alleges and incorporates herein by reference all allegations contained in the proceeding paragraphs as if fully set forth herein.

54. Third-Party Defendants, as subcontractors of Ecclesia Construction, made express warranties to Ecclesia Construction in connection with the Project that the work would be free of

construction defects and deficiencies and would conform to any and all applicable codes, ordinances, regulations or governmental and/or industry standards applicable at the time, and that their work would be performed in a workmanlike manner.

55. Third-Party Defendants, as subcontractors of Ecclesia Construction, also impliedly warranted to Ecclesia Construction that their work would be free of construction defects and deficiencies and would conform to any and all applicable codes, ordinances, regulations or governmental and/or industry standards applicable at the time, and that their work would be performed in a workmanlike manner.

56. Third-Party Defendants breached their expressed and implied warranties.

57. If Plaintiff's allegations regarding Ecclesia Construction as claimed in the COMPLAINT are true, such damages, if any will only have occurred as a result of the Third-Party Defendants' breach of expressed and/or implied warranties.

## COUNT IV – INDEMNIFICATION AND/OR CONTRIBUTION

58. Ecclesia Construction re-alleges and incorporates herein by reference all allegations contained in the proceeding paragraphs as if fully set forth herein.

59. Third-Party Defendants were hired by Ecclesia Construction to provide labor, goods and/or services with respect to the Project at issue to include meeting the applicable codes, ordinances, regulations, law, or government and/or industry standards.

60. Whether by the law of North Dakota and/or whether by the contracts and/or agreements between Third-Party Defendants and Ecclesia Construction, the Third-Party Defendants should indemnify and hold harmless Ecclesia Construction for any alleged damages arising out of the Third-Party Defendants' provision of labor, goods, and/or services, whether by common law and/or by contract.

61. If Plaintiff has sustained any damages as alleged in its COMPLAINT, the Third-Party Defendants caused and/or contributed to the damages by their failure to adequately provide labor, goods, and/or services.

62. In the event Plaintiff makes a recovery against Ecclesia Construction, then and in such event, Ecclesia Construction may proceed to enforce indemnification and/or contribution from the Third-Party Defendants

**WHEREFORE**, Ecclesia Construction prays for judgment as follows:

1. For dismissal of Plaintiff's claims against it in this action;
2. For all damages caused by the Third-Party Defendants' negligence in an amount to be proven at trial;
3. For all damages caused by Third-Party Defendants' breach of contract in an amount to be proven at trial;
4. For all damages caused by Third-Party Defendants' breach of expressed and/or implied warranties in an amount to be proven at trial;
5. In the event Plaintiff takes judgment against Ecclesia Construction in any amount, Ecclesia Construction is entitled to judgment over and against the Third-Party Defendants by way of contribution and/or indemnity;
6. For Ecclesia Construction's costs and disbursements herein, including any attorney's fees allowed by law; and
7. For such other equitable and/or legal relief as the Court deems just and proper.

Dated this 2 day of June, 2023.

_____
Bradley J. Beehler #05319
MORLEY LAW FIRM, LTD.
PO Box 14519
Grand Forks ND 58208-4519
(701) 772-7266
bbeehler@morleylawfirm.com
Attorneys for Defendant and Third-Party Plaintiff
Ecclesia Construction Company, LLC d/b/a
Ecclesia Building Strategies

12

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, trial by jury of nine persons is hereby demanded.

Dated this 2 day of June, 2023.

_____
Bradley J. Beehler #05319
MORLEY LAW FIRM, LTD.
PO Box 14519
Grand Forks ND 58208-4519
(701) 772-7266
bbeehler@morleylawfirm.com
Attorneys for Defendant and Third-Party Plaintiff
Ecclesia Construction Company, LLC d/b/a
Ecclesia Building Strategies

UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| New Hope Wesleyan Church, | ) | |
| | ) | Civil No.: 1:23-cv-105 |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| vs | ) | |
| | ) | |
| Ecclesia Construction Company, LLC d/b/a | ) | |
| Ecclesia Building Strategies, | ) | |
| | ) | |
| Defendant and Third-Party Plaintiff, | ) | |
| | ) | |
| vs | ) | |
| | ) | |
| Chief Industries, Inc., d/b/a Chief | ) | |
| Buildings; Hite Architecture, P.A.; | ) | |
| Shultz Engineering Group, P.C.; | ) | |
| Ironhidez Construction, LLC f/k/a | ) | |
| Froemming Construction; and | ) | |
| Commercial Exterior Specialties, LLC, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

I hereby certify that on June 2, 2023, the following document:

**Defendant and Third-Party Plaintiff's Answer, Third-Party Complaint, and Demand for Jury**

was sent via email to be filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

pete@furusethlaw.com
**Peter H. Furuseth**
**FURUSETH OLSON & EVERT, PC**
**PO Box 417**
**Williston ND 58802-0417**

I further certify that a copy of the foregoing document will be mailed by first class mail, postage paid, to the following non-ECF participants: **Not Applicable**

Dated this 2 day of June, 2023.

                /s/   Bradley J. Beehler
                Bradley J. Beehler #05319
                MORLEY LAW FIRM, LTD.
                P.O. Box 14519
                Grand Forks, ND 58208-4519
                (701) 772-7266
                Attorneys for Defendant and Third-Party Plaintiff
                Ecclesia Construction Company, LLC d/b/a
                Ecclesia Building Strategies