## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| New Hope Wesleyan Church, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING DEFENDANT** |
| vs. | ) | **AND THIRD-PARTY DEFENDANTS'** |
| | ) | **MOTIONS FOR SUMMARY** |
| Ecclesia Construction Company, LLC, | ) | **JUDGMENT** |
| d/b/ Ecclesia Building Strategies, | ) | |
| | ) | |
| Defendant and Third-Party | ) | |
| Plaintiff, | ) | Case No. 1:23-cv-105 |
| | ) | |
| vs. | ) | |
| | ) | |
| Chief Industries, Inc., d/b/a Chief | ) | |
| Buildings; Hite Architecture, P.A.; Schultz | ) | |
| Engineering Group, P.C.; Ironhidez | ) | |
| Construction LLC, f/k/a Froemming | ) | |
| Construction; Commercial Exterior | ) | |
| Specialties, LLC, | ) | |
| | ) | |
| Third-Party Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Commercial Exterior Specialties, LLC, | ) | |
| | ) | |
| Fourth-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Sergio Alaya Gomez d/b/a Stucco | ) | |
| Solutions, | ) | |
| | ) | |
| Fourth-Party Defendant. | ) | |

_____

Before the Court are three motions for summary judgment. Defendant Ecclesia Construction Company, LLC ("Ecclesia") filed a motion for summary judgment on September 2, 2025. See Doc. No. 76. Third-Party Defendant Ironhidez Construction LLC filed a motion for

summary judgment on September 11, 2025, that incorporated Ecclesia's arguments. See Doc. No. 80. On September 23, 2025, Third-Party Defendant Shultz Engineering Group, P.C. also filed a motion for summary judgment that incorporated Ecclesia's arguments. See Doc. No. 83. Third-Party Defendant Commercial Exterior Specialties, LLC ("Commercial Exterior") filed a response in support of Ecclesia's motion on September 23, 2025. See Doc. No. 84. Fourth-Party Defendant Sergio Alaya Gomez joined in Commercial Exterior's response on September 23, 2025. See Doc. No. 86. Plaintiff New Hope Wesleyan Church ("New Hope") filed a response in opposition to Ecclesia's motion on October 10, 2025. See Doc. No. 87. Ecclesia filed a reply brief on October 24, 2025. See Doc. No. 88. For the reasons set forth below, the motions for summary judgment are denied.

## I.    **BACKGROUND**

This case arises out of the construction of a renovation and an addition to the New Hope Wesleyan Church located at 721 26th Street West, Williston, North Dakota, 58801 ("the Project"). On December 7, 2012, Ecclesia provided New Hope with a proposal to perform architectural, structural, civil, mechanical, electrical, fire alarm, and interior design services for new construction and renovations of the church. New Hope and Ecclesia entered into a construction agreement on May 2, 2013. Pursuant to the agreement, Ecclesia agreed to provide all design, labor, material, equipment, and supervision to complete (1) new construction of a sanctuary, lobby, and adult space, and (2) renovation of the existing building to convert it to a children's and youth ministry space. On May 8, 2013, New Hope entered into an agreement with Western Property Management, LLC ("WPM") under which WPM agreed to provide project management and owner's representative consulting services in support of the Project. Ecclesia entered into agreements in

connection with the Project with Chief Industries, Inc., Hite Architecture, P.A., Schultz Engineering, Ironhidez Construction LLC, Commercial Exterior, and Froemming Construction in 2012 and 2013.

The Project commenced in May 2013 and was constructed in two phases. Phase 1 included the construction of a new building, including the sanctuary, lobby, and office space. Ecclesia completed Phase 1 around May 2014. Phase 2 involved the remodel of the existing church. The Phase 2 remodel began around June 2014. Ecclesia completed Phase 2 around December 2014.

During Phase 1 of construction, New Hope and Ecclesia became aware of leaks in the roof of the property in areas constructed by Ecclesia. In December 2013 or January 2014, New Hope observed water intrusion in several areas of the building. New Hope identified additional concerns, including missing anchor bolts, HVAC system balancing, missing steel components, concrete issues, and doors that did not close properly. On December 15, 2015, WPM documented outstanding concerns at the property in a letter to Ecclesia, including: (1) roof leaks and cold infiltration into wall cavities; (2) a failed structural connection inspection; and (3) roof drain and stormwater issues. Other defects were found at later periods, including Ecclesia's discovery of structural defects pursuant to its own investigation in 2017 and the discovery of more than forty leaks in the tower of the church in 2018.

Between 2014 and 2020 Ecclesia and New Hope engaged in ongoing communication regarding roof repairs. Ecclesia repeatedly communicated its intention to resolve the roof leaks. Ecclesia unsuccessfully attempted to repair the roof several times. On October 7, 2020, New Hope's legal counsel sent a letter to Ecclesia stating that New Hope intended to perform the repair work itself. The letter instructed Ecclesia to cease all direct communication with New Hope and route all future communication through counsel. New Hope retained American Engineering

Testing, FCI Contractors, Mercer Engineering, PIE Consulting & Engineering, Sylvan Site Services, and WMP to verify the scope and necessity of the repair work and to complete the repairs. New Hope started the repair work in the Summer of 2022, and completed it in the Fall of 2022. After completion, New Hope sent Ecclesia a bill totaling $1,634,235.01 for the cost of the repairs.

On May 2, 2023, New Hope brought claims against Ecclesia in state court for breach of contract and negligence. See Doc. No. 1-2. Ecclesia removed the action to federal court on May 30, 2023, on the basis of diversity of jurisdiction. Id. New Hope alleges Ecclesia's actions in constructing the project were negligent and breached the parties' construction agreement. On June 2, 2025, Ecclesia filed a third-party complaint against Chief Industries, Inc., Hite Architecture, P.A., Schultz Engineering, Ironhidez Construction LLC, Commercial Exterior Specialties, LLC, and Froemming Construction asserting claims of negligence, breach of contract, breach of warranties, and indemnification and/or contribution in connection to the construction of the project. See Doc. No. 2. Ecclesia alleges that any damages New Hope suffered were caused by the third-party defendants, to the extent that such damages were not caused by New Hope. On June 3, 2025, Commercial Exterior filed a fourth-party complaint against Sergio Alaya Gomez d/b/a Stucco Solutions, for negligence, breach of contract, breach of warranty, and contribution and/or indemnification in connection to the construction of the project. Ecclesia, Ironhidez Construction LLC, and Shultz Engineering Group, P.C. (collectively "Contractors") filed motions for summary judgment. See Doc. Nos. 76, 80, and 83. The motions have been fully briefed and are ripe for disposition.

## II.    **STANDARD OF REVIEW**

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates no genuine issues of material fact exist and that the moving party

is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id. The purpose of summary judgment is to assess the evidence and determine if a trial is genuinely necessary. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The court must inquire whether the evidence presents a sufficient disagreement to require the submission of the case to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the responsibility of informing the court of the basis for the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). The non-moving party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial. Id.; Fed. R. Civ. P. 56(c)(1). The court must consider the substantive standard of proof when ruling on a motion for summary judgment. Anderson, 477 U.S. at 252. If the record taken as a whole and viewed in a light most favorable to the non-moving party could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial and summary judgment is appropriate. Matsushita, 475 U.S. at 587.

III.    **LEGAL DISCUSSION**

A.    **NEGLIGENCE STATUTE OF LIMITATIONS**

The Contractors argue New Hope's negligence claim is barred by the applicable statute of limitations. The Contractors maintain New Hope's negligence claim accrued in 2014. New Hope argues that when the claim accrued is a factual issue that precludes summary judgment.

General negligence claims in North Dakota are subject to a six-year statute of limitations period under N.D.C.C. § 28-01-16. See Lang v. Barrios, 472 N.W.2d 464, 466 (N.D. 1991). The statute of limitations for a claim "begins to run when the underlying cause of action accrues." Dunford v. Tryhus, 2009 ND 212, ¶ 7, 776 N.W.2d 539. Typically, the statute of limitations begins to run from the commission of a wrongful act giving rise to the cause of action. BASF Corp. v. Symington, 512 N.W.2d 692, 695 (N.D. 1994). However, when an injury only manifests itself through the passage of time, the North Dakota Supreme Court applies the discovery rule for determining when the cause of action accrues. "Under the discovery rule, the action does not accrue and the limitations period does not begin to run until the claimant knows, or with reasonable diligence should know, that a potential claim exists." Id. "The determination of when a plaintiff's cause of action has accrued is generally a question of fact, but if there is no dispute about the relevant facts, the determination is for the court." Dunford, 2009 ND at ¶ 6.

In this case, when New Hope's cause of action accrued is disputed. The Contractors claim the cause of action accrued in January 2014, when New Hope first became aware of issues with construction. However, New Hope argues the determination of when the statute of limitations period commenced is not straightforward. Although defects were first discovered in 2014, other serious defects were discovered at later periods. For example, Ecclesia found structural defects pursuant to an investigation in 2017. In 2018, Ecclesia found more than 40 leaks in just one area

of the church. Further, Phase 2 construction was ongoing when New Hope first discovered the leaks in the roof in Phase 1. Any injuries resulting from the construction of Phase 2 would not have occurred yet at the time of the initial discovery of roof leaks in January 2014. Accordingly, the injury could not have accrued yet. It is unclear whether the injuries that were discovered in the years following 2014 could have been discovered with reasonable diligence in 2014, or if they were latent injuries that could have been revealed only through the passage of time. Further, Ecclesia repeatedly attempted to repair the defects, which was ultimately unsuccessful. The effect of Ecclesia's attempts to repair the defects also creates factual issues as to when the statute of limitations period commenced. When the evidence is viewed in the light most favorable to the non-moving Party (New Hope), the Court finds that there are genuine issues of material fact in dispute that should be resolved by a jury rather than the Court. The Court concludes New Hope may maintain a claim for negligence at this stage of proceedings.

### B.    BREACH OF CONTRACT STATUTE OF LIMITATIONS

New Hope brings a breach of contract claim against Ecclesia for an alleged breach of the parties' construction agreement. New Hope argues that Ecclesia's defective work on the Project constitutes a breach of Ecclesia's contractual obligation to provide competent construction and workmanship. The Contractors argue New Hope's breach of contract claim is barred by a six-year statute of limitations. New Hope argues the applicable statute of limitations provides a ten-year limitations period.

The Contractors argue N.D.C.C. § 28-01-16 applies to New Hope's breach of contract claim. Under N.D.C.C. § 28-01-16, "an action upon a contract, obligation, or liability, express or implied, subject to the provisions of sections 28-01-15 and 41-02-104" must be commenced within

7

six years after the claim for relief has accrued. New Hope argues that N.D.C.C. § 28-01-44 applies,

rather than N.D.C.C. § 28-01-16.  Section 28-01-44 provides in relevant part:

> 1. No action, whether in contract, oral or written, in tort or otherwise, to recover damages:
>> a. For any deficiency in the design, planning, supervision, or observation of construction or construction of an improvement to real property;
>> b. For injury to property, real or personal, arising out of any such deficiency; or
>> c. For injury to the person or for wrongful death arising out of any such deficiency, may be brought against any person performing or furnishing the design, planning, supervision, or observation of construction, or construction of such an improvement more than ten years after substantial completion of such an improvement …
>
> Nothing in this section may be construed as extending the period prescribed by the laws of this state for the bringing of any action.

N.D.C.C. § 28-01-44. New Hope contends Section 28-01-44 allows it to bring its breach of contract

claim within ten years of accrual. New Hope is mistaken in its assertion that Section 28-01-44 is a

statute of limitations. The North Dakota Supreme Court has clearly established that N.D.C.C. §

28-01-44 is a statute of repose. See, e.g., Hebron Pub. Sch. Dist. No. 13 of Morton Cnty. v. U.S.

Gypsum Co., 475 N.W.2d 120, 126 (N.D. 1991) (referring to N.D.C.C. § 28-01-44 as a statute of

repose); See also Blikre v. ACandS, Inc., 1999 ND 96, 593 N.W.2d 775, 777-78 (discussing the

legislature's intent in adopting the ten-year statute of repose under N.D.C.C. § 28-01-44).

In *Hoffner v. Johnson*, the North Dakota Supreme Court distinguished statutes of repose

from statutes of limitations. 2003 ND 79, 660 N.W.2d 909.

> A statute of limitation bars a right of action unless it is filed within a specified period of time after an injury occurs. The purpose of a statute of limitation is to prevent plaintiffs from sleeping on their legal rights to the detriment of defendants. A statute of limitation period commences either upon the occurrence of an injury, or when the injury is discovered. A statute of limitation must allow a reasonable time after a cause of action arises for the filing of a lawsuit.
>
> A statute of repose terminates any right of action after a specific time has elapsed, regardless of whether or not there has as yet been an injury. A statute of repose

period begins to run from the occurrence of some event other than the event of an injury that gives rise to a cause of action and, therefore, bars a cause of action before the injury occurs. A person injured after the statutory period of repose is left without a remedy for the injury.

Id. at ¶ 9 (internal quotations omitted). A statute of limitations commences from the time of injury whereas a statute of repose commences from the date of the alleged wrongful act.

As a statute of repose, N.D.C.C. § 28-01-44 does not extend the limitations period prescribed in N.D.C.C. § 28-01-16. Further, N.D.C.C. § 28-01-44 provides that "[n]othing in this section may be construed as extending the period prescribed by the laws of this state for the bringing of any action." The plain language of the statutes, together with the North Dakota Supreme Court's treatment of statutes of repose and limitations, makes clear New Hope must satisfy both statutory requirements. It must file its breach of contract claim within the six-year period after discovery of the injury and before the ten-year statute of repose expires. Accordingly, the six-year statute of limitations in N.D.C.C. § 28-01-16 is the applicable limitations period for New Hope's breach of contract claim.

Although it is clear that the six-year statute of limitations applies, the date the limitations period began is a factual determination for the jury. Because the statute of repose is not at issue here, the date of substantial completion that commences the statute of repose period is not relevant. The relevant issue is when the cause of action accrued, which commences the six-year statute of limitations period pursuant to N.D.C.C. § 28-01-16. The Court's conclusion regarding the existence of factual issues as to the accrual of New Hope's negligence claim also applies to New Hope's breach of contract claim because both claims arise from the same factual basis. The year that New Hope's breach of contract claim accrued is a factual dispute that should be resolved by a jury. Accordingly, for purposes of these summary judgment motions, the Court finds that there are

genuine issues of material fact in dispute. The Court cannot conclude as a matter of law that New Hope's breach of contract claim is barred by the statute of limitations.


### C.    EQUITABLE ESTOPPEL

New Hope argues equitable estoppel requires the Court to the toll the statute of limitations for its negligence and breach of contract claims. Ecclesia argues equitable estoppel does not apply to this case. In addition to factual issues pertaining to the accrual of New Hope's breach of contract and negligence claims, there are genuine issues of material facts as to whether the doctrine of equitable estoppel applies in this case.

Under North Dakota law, "[t]he doctrine of equitable estoppel may preclude application of the statute of limitations as a defense by one whose actions misled another, thereby inducing that person not to file a claim within the statutory period." Superior, Inc. v. Behlen Mfg. Co., 2007 ND 141, ¶ 24, 738 N.W.2d 19 (citations omitted). "A delay may be excusable if it is not unreasonably protracted, but is induced by the defendant's promises, suggestions, or assurances which, if carried into effect, would result in a solution or adjustment without litigation." Id. A plaintiff must establish three elements to prove equitable estoppel: "(1) the defendant made statements intending that plaintiff would rely on them; (2) the plaintiff in fact relied on the defendant's representations, and as a result failed to commence the action within the limitation period; and (3) the defendant's statements were made prior to the expiration of the limitation period." Id. at ¶ 25. Although the mere conduct of settlement negotiations or discussions between the plaintiff and defendant alone is insufficient to provide the basis for estopping the defendant from pleading the statute of limitations, "it is sufficient if the defendant's conduct or promises are such as are naturally

Case 1:23-cv-00105-DLH-CRH    Document 89    Filed 11/04/25    Page 11 of 13

calculated to and do induce plaintiff into a belief that his claim would be adjusted if he did not sue." Muhammed v. Welch, 2004 ND 46, ¶ 18, 675 N.W.2d 402.

In this case, the Ecclesia committed to repair the construction issues for six years. From 2014 to 2020 Ecclesia repeatedly told New Hope it would work on the repairs until the issues were resolved. Ecclesia also repeatedly made unsuccessful attempts at repairing the issues. New Hope alleges Ecclesia's commitments and repair attempts occurred both before and after the expiration of the limitation period alleged by the Contractors. New Hope argues Ecclesia misled it into believing the issues ultimately would be resolved. The Contractors argue Ecclesia's repair attempts did not affirmatively cause New Hope to delay bringing this action. The parties dispute whether Ecclesia's actions and representations constitute settlement discussions or an inducement to delay suit. The parties also contest whether a sufficient causal link exists between Ecclesia's conduct and New Hope's alleged delay in filing this action.

The Court finds that there are genuine issues of material fact as to whether Ecclesia misled New Hope with its commitments to fix the repairs; whether New Hope in fact relied on such representations; and whether such representations rise to the level of inducement required to establish equitable estoppel. The Court concludes that genuine issues of material fact exist as to whether equitable estoppel precludes the Contractors from asserting a statute of limitations defense. Accordingly, material factual disputes preclude summary judgment.

## D.    **SPOLIATION**

Finally, the Contractors assert that New Hope failed to provide Ecclesia with the opportunity to inspect and preserve critical evidence by having a different contractor repair the defects. The Contractors argue this alleged spoliation warrants dismissal of New Hope's claims or

the exclusion of its expert reports and/or testimony. New Hope argues the Contractors had sufficient opportunity to inspect the condition of the building prior to New Hope's repairs. The Court agrees with New Hope and finds the extreme sanction requested is unwarranted.

"Spoliation of evidence occurs when a party destroys or fails to preserve evidence." Simmons v. Cudd Pressure Control, Inc., 2022 ND 20, ¶ 16, 969 N.W.2d 442. "There is a duty to preserve evidence when litigation is reasonably foreseeable." Id. However, "The duty to preserve evidence is not unlimited, and a party may reasonably need to destroy evidence that it has a duty to preserve." Toman Eng'g Co. v. Koch Constr., Inc., 2022 ND 104, ¶ 20, 974 N.W.2d 680. When evidence relevant to a lawsuit is destroyed, the district court may exercise its inherent power to sanction. Fines v. Ressler Enters., Inc., 2012 ND 175, ¶ 7, 820 N.W.2d 688. "The purpose of imposing sanctions for spoliating evidence is to penalize the party who spoliated the evidence, to protect the integrity of the legal process by evening the playing field, and to prevent others from engaging in similar conduct." Simmons, at ¶ 16. (internal quotation marks omitted). "Dismissal of the entire case with prejudice is perhaps the most restrictive sanction which exists." Fines, at ¶ 8.

The Contractors argue New Hope should have provided Ecclesia with notice that repair work was being completed and should have provided Ecclesia with a full and fair opportunity to inspect the evidence. It is undisputed that New Hope sent Ecclesia a letter on October 7, 2020, informing Ecclesia that New Hope intended to complete the repairs itself. This is sufficient notice of the repairs. Second, Ecclesia had an adequate opportunity to inspect the evidence throughout the six years it spent unsuccessfully attempting repairs. Given Ecclesia's investigations and attempts at repairing the issues, Ecclesia should be well-acquainted with the defects. The Court concludes Ecclesia had sufficient access and an opportunity to inspect the defects prior to New

Hope's completion of the repairs. New Hope's repairs were ultimately completed in 2022, seven years after the problems first arose. The Court acknowledges the reasonableness of New Hope's completion of the repairs after enduring a leaking roof for seven years. Accordingly, the Court denies the Contractors' request for sanctions.

## IV.    <u>CONCLUSION</u>

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law. For the reasons set forth above, the Defendant and Third-Party Defendants' motions for summary judgment (Doc. Nos. 76, 80, and 83) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 4th day of November, 2025.

*/s/ Daniel L. Hovland*_____
Daniel L. Hovland, District Judge
United States District Court
